UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 382 |
| | ) | |
| EDWARD SCHMIDL, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

## CRIME VICTIMS' MOTION FOR AN AMENDED RESTITUTION ORDER

Movants, Steven J. Morton & Associates, Ltd. and Valley Forge Insurance Company, through The Peacock Law Group, pursuant to 18 U.S.C. §§ 3664(o) and 3664(d)(5) request that this court amend the restitution order previously entered in this case to include parties and amounts that were overlooked when the government initially presented the loss amounts at sentencing. In further support of their motion, Movants state that:

### Background

1.      Edward Schmidl worked as an accountant for Morton & Associates from about July 2017 to November 2019. Dkt. 17, Plea Agreement ¶ 6 (p. 2). During that period, "Schmidl fraudulently misappropriated at least $171,708. *Id*. at p. 3. Schmidl pled guilty to an information that charged him with wire fraud (18 U.S.C. § 1343). *Id*. at ¶ 5.

2.      On March 29, 2023, this court sentenced Schmidl to eight months' incarceration, two years' supervised release, and ordered him to pay $171,708 in restitution to Morton & Associates. Dkt. 46, Order of judgment and conviction, pp. 1,

3 and 7. The court ordered the restitution payable to Morton & Associates. *Id*. at p. 9. The amount of loss in the judgment order included only Morton & Associates' direct losses from the embezzlement scheme, the funds Schmidl stole, and nothing else.

3.      Valley Forge Insurance Company insured Morton & Associates for the type of loss occasioned by Schmidl's fraud and paid its insured $25,000 against the $171,708 embezzlement loss plus an additional $5,000 for the expense of accounting services Morton & Associates incurred to determine the exact amount Schmidl embezzled. Ex. A (2020 email exchange between the U.S. Attorney's Office, Morton & Associates and Valley Forge), p. 1.

4.      There was an agreement between the Government, Valley Forge, and Morton & Associates that: (1) Valley Forge would be included in the order of judgment and conviction for the losses that it paid (i.e., $30,000), and (2) that government would seek an additional $5,000 for the accounting expense Morton & Associates incurred. *Id*. at pp. 1, 5-7.

5.      On information and belief, the United States Attorney's Office submitted loss information to the court in advance of sentencing. Due to an oversight, the order of judgment and conviction did not reflect that Valley Forge had paid $30,000 to Morton & Associates and should have been included in the restitution order for that amount.

6.      Several months after Schmidl's sentencing (in March 2023), in July 2023, Morton and Associates first became aware of the fact that Schmidl was the relator in a qui tam case filed in this district under the name *United States ex rel.*

2

*Edward Schmidl v. Greager*, Case No. 21 C 526 (ND IL), that Schmidl was to receive a relator's award, and that the Government was planning to offset Schmidl's award for application to the restitution debt entered in this case. As is apparent from the docket in that case, the Government did not seek to unseal the qui tam case until July 17, 2023. Because they had questions about the Government's recovery of funds from Schmidl, Morton & Associates retained the undersigned for assistance in mid-August 2023. Ex. B, Morton Aff. ¶ 4.

7.      Among other things, the undersigned advised Morton & Associates for the first time that it had additional losses occasioned by Schmidl's embezzlement in the form of pre-judgment interest that the Government ought to have included in its submission of losses to the court but did not. *Id*. at ¶ 6. The Government did not advise Morton & Associates that prejudgment interest was a compensable loss under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. Ex. B, Morton Aff. ¶¶ 6-7. However, as discussed below, prejudgment interest is among the compensable losses due federal crime victims.

8.      Morton & Associates discovered the loss and reported it to law enforcement authorities within days of the loss, on October 9, 2019. *Id*. at ¶ 2. In Illinois, the rate of prejudgment interest is 5% per year.[1] From the time of the loss

---

[1] 815 ILCS 205/2 ("Creditors shall be allowed to receive at the rate of five (5) per centum per annum . . . on money received to the use of another and retained without the owner's knowledge . . .").

(10/9/19) until sentencing, March 29, 2023, $29,402.05 accrued in prejudgment interest on the $171,708 loss occasioned by Schmidl's embezzlement.[2]

## Discussion

9.      Under 18 U.S.C. § 3664 (the "Restitution Procedures Statute"), an order of restitution is an unmodifiable final order with several exceptions and one of those exceptions is a crime victim's right to petition the court for an amended restitution order.[3]

10.      Under the Restitution Procedures Statute "[i]f [after sentencing] the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order." 18 U.S.C. § 3664(d)(5).  "The [preceding] sentence imposes no time limit on the victim's subsequent discovery of losses . . .  [and] is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability."  *Dolan v. United States*, 560 U.S. 605, 613 (2010); *and see United States v. Bour*, 804 F.3d 880, 888 (7th Cir. 2015) (*citing Dolan* and stating that § 3664(d)(5) "is primarily designed to give victims timely

---

[2] That result is produced by taking the restitution amount of $171,708 multiplying it by the rate of .05 ($8,585.40), dividing the yearly interest by 365 days and then multiplying that by 1,250 (the number of days between 10/9/19 and 3/29/23) to arrive at $29,402.05.

[3] The Restitution Procedures Statute provides in part that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact—that such a sentence can subsequently be. . . amended under subsection [3664](d)(5) . . . ." 18 U.S.C. § 3664(o)(1)(c).

relief; it is not written to give defendants an absolute deadline, after which they are freed from providing restitution to the individuals they have harmed")

11.    An amended restitution order "may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief."  18 U.S.C. § 3664(d)(5).

***Adding Valley Forge***

12.    With regard to amending the restitution order to apportion the loss between Morton & Associates and Valley Forge, Movants submit that there is good cause to order the apportionment.

13.    Leaving aside the additional $5,000 loss incurred by Morton & Associates, adding Valley Forge as a secondary restitution payee for $25,000 fulfills the agreement previously entered by the victim, its insurance company, and the Government.  Valley Forge was left out of the restitution order due to a Government oversight and not because of anything Movants failed to do.  The modification fulfills the intent of the Restitution Procedures Statute that insurers be included in a restitution order.[4]  Finally, simply including Valley Forge for $25,000, and reducing Morton & Associates' restitution, accordingly, will not affect Schmidl's liability.

---

[4] Subsection (j)(1) provides that, [i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation . . . ."  18 U.S.C.S. § 3664(j)(1).

***The Additional $5,000 Loss***

14.    With regard to amending the restitution order to include an additional $5,000 loss incurred by Morton & Associates and reimbursed by Valley Forge, Movants submit that there is good cause to add that additional loss amount.

15.    Movants submitted the $5,000 loss amount prior to sentencing. Through no fault of their own the loss was not included in the Government's submission to the court. As *Dolan* counsels, § 3664(d)(5) is designed to assist crime victims obtain full restitution and not as a safe harbor to protect defendants from bearing liability for their criminal conduct.  560 U.S. 605, 613.

***Prejudgment Interest***

16.    With regard to amending the restitution order to include an additional $29,402.05 in prejudgment interest, Morton & Associates submits that there is good cause to add such losses.

17.    Morton & Associates completely relied on the Government to counsel them on the kind of loss amounts they would eventually submit.  Ex. B, Morton Aff. ¶ 7.  However, the Government simply asked Morton & Associates to locate, provide copies, and verify all of the checks that Schmidl stole from Morton & Associates.  *Id.* at ¶¶ 3 & 6.  The Government never advised Morton & Associates that prejudgment interest was a compensable loss under the Mandatory Victim Restitution Act.  *Id.* at ¶ 6.  It was not until after Morton & Associates retained counsel on August 15, 2023, that they discovered that prejudgment interest is a compensable restitution loss.  *Id.* at ¶¶ 5 & 6.

18.     Morton & Associates was at a particular disadvantage in terms of communications with the Government.  The Government did not even contact Morton & Associates to request a victim impact statement, among other things, until *after* the Government charged Schmidl by information, negotiated a plea agreement with him, and stated in the Plea Agreement that the "parties anticipate that the amount of restitution will be approximately $171,708."   Ex. B, Morton Aff. ¶ 3; Plea Agreement ¶ 14.   The $171,708 figure is the embezzlement loss itself without allowance for prejudgment interest.

19.     The Government's conduct violated Morton & Associates' rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771.   Under the CVRA, Morton & Associates had the following rights, among others:

> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
>
> (5) The reasonable right to confer with the attorney for the Government in the case.
>
> (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
>
> (10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims" Rights and Restitution Act of 1990 (42 U.S.C. 10607(c) [now 34 USCS § 20141(c)]) and provided contact information for the Office of the Victims" Rights Ombudsman of the Department of Justice.

18 U.S.C. §§ 3771(a)(2), (4), (5), (9) & (10).  Schmidl pleaded guilty on July 31, 2020, but the Government informed Morton & Associates of that fact weeks later, on

September 17, 2020, in an email that informed them, belatedly, of their CVRA rights (pursuant to 18 U.S.C. § 3771(a)(10)), and informed them, ironically, of the change-of-plea hearing that they supposedly had a right to attend, a month and a half prior (in violation of CVRA §§3771(a)(2), (4), (5) & (9)).

20.     Under the CVRA, Morton and Associates has a "right to full and timely restitution" (18 U.S.C. § 3771(a)(6)), and as such the Government should have counseled Morton & Associates that "full" restitution included prejudgment interest, but it failed to do so. The mandate for full restitution in the MVRA "calls for restitution of value on the date of sentencing, a value that includes prejudgment interest." *United States v. Shepard*, 269 F.3d 884, 886 (7th Cir. 2001).

21.     The abridgement of Morton & Associates' right to full restitution can and should be remedied via this timely petition for an amendment to the court's restitution order pursuant to § 3664(d)(5) of the Restitution Procedures Statute. Again, as *Dolan* counsels, § 3664(d)(5) is designed to assist crime victims obtain full restitution  and not as a safe harbor to protect defendants from bearing liability for their criminal conduct. 560 U.S. 605, 613.

WHEREFORE, for the reasons stated Movants request that this court enter an amended restitution order.

Respectfully submitted,

STEVEN J. MORTON & ASSOCIATES
VALLEY FORGE INSURANCE COMPANY

THE PEACOCK LAW GROUP

By: s/ Joseph A. Stewart
　　JOSEPH A. STEWART
　　Principal Attorney
　　161 North Clark Street, Suite 1600
　　Chicago, Illinois 60601
　　(312) 741-1070
　　joseph.stewart@thepeacocklawgroup.com

| | |
|---|---|
| **From:** | Steven Morton |
| **To:** | Joseph Stewart |
| **Subject:** | FW: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382 |
| **Date:** | Tuesday, August 15, 2023 6:01:25 PM |
| **Attachments:** | image003.png |



**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Tuesday, September 1, 2020 4:21 PM
**To:** sjm@sjmlaw.com; 'Ashley Portman' <aportman@nzalaw.com>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Thanks.

Jackie Stern, AUSA
312-353-5329

**From:** sjm@sjmlaw.com <sjm@sjmlaw.com>
**Sent:** Tuesday, September 01, 2020 4:19 PM
**To:** 'Ashley Portman' <aportman@nzalaw.com>; Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Dear Ashley and Jackie,
I confirm that I received payments from Ashley's client totalling $30,000, which included payment of $25,000.00 for the theft loss and $5,000.00 for reimbursement of payments I made to people who I hired to assist in determining the extent of the embezzlement and to help with the proof thereof.
Thank you both and best wishes,
Steve

Steven J. Morton & Associates, LTD.
212 W. Washington St.
Suite 1008
Chicago, IL. 60606



P:(312)372.4448
F:(312)372.4479
www.sjmlaw.com



THIS TRANSMISSION IS INTENDED AND RESTRICTED FOR USE BY THE ABOVE ADDRESSEE ONLY. IT MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION EXEMPT FROM DISCLOSURE UNDER FEDERAL OR STATE LAW. IN THE EVENT SOME OTHER PERSON OR ENTITY RECEIVES THIS TRANSMISSION, SAID RECIPIENT IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR DUPLICATION OF THIS TRANSMISSION OR ITS CONTENTS IS PROHIBITED. IF YOU SHOULD RECEIVE THIS TRANSMISSION IN ERROR, PLEASE CALL ME IMMEDIATELY AT (312) 372 4448, DELETE THE FILE AND ANY ATTACHMENTS FROM YOUR SYSTEM, AND DESTROY ANY HARD COPIES OF THIS TRANSMISSION. THANK YOU.

---

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Tuesday, September 1, 2020 4:09 PM
**To:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>; sjm@sjmlaw.com
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Thank you Jackie. Please note the underwriter on the policy is: Valley Forge Insurance Company. If restitution is entered, we would kindly request that entity be listed as a victim. Again, please let us know if you require any more information. Thank you very much for your assistance.

Sincerely,

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*
aportman@nzalaw.com
www.nzalaw.com



**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be privileged and confidential. If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs. Thank you.

**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Tuesday, September 1, 2020 3:53 PM
**To:** Ashley Portman <aportman@nzalaw.com>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>; sjm@sjmlaw.com; Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Thanks very much. I anticipate that CNA will be included in the restitution list of victims. Thank you.

Jackie Stern, AUSA
312-353-5329

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Tuesday, September 01, 2020 3:51 PM
**To:** Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>; sjm@sjmlaw.com; Ashley Portman <aportman@nzalaw.com>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Dear Jackie,

Attached, please find proof of the $30,000 paid to the insured by my client. I have CC'd Mr. Morton on this e-mail so that he can confirm the total loss amount incurred. My client is only seeking restitution for $30,000. Please let us know if you require anything else prior to the sentencing hearing.

Sincerely,

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*
aportman@nzalaw.com

 www.nzalaw.com



**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be privileged and confidential. If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs. Thank you.

---

**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 1:13 PM
**To:** Ashley Portman <aportman@nzalaw.com>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Since he is the client of your client, I assume that they can talk to him.

Jackie Stern, AUSA
312-353-5329

---

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Wednesday, August 26, 2020 12:58 PM
**To:** Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Dear Jackie,

Is Mr. Morton aware of the litigation? In our past communications with him he never indicated this lawsuit was pending. We can certainly reach out to him, but we do not represent his law firm and I cannot confirm what his total losses may be.

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*



aportman@nzalaw.com
www.nzalaw.com

**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE.  This message may be privileged and confidential.  If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs.  Thank you.

---

**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 12:45 PM
**To:** Ashley Portman <aportman@nzalaw.com>
**Cc:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>; Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

I actually meant that the joint email should come from you, CNA, and their client, so that everyone is on the same page about who gets what.

Thanks.

Jackie Stern, AUSA
312-353-5329

---

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Wednesday, August 26, 2020 12:12 PM
**To:** Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>; Esser,Nicole Marie <Nicole.Esser@cna.com>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Dear Jackie,

Per your request, I am CC'ing my client at CNA Insurance, Nicole Esser, on this e-mail. With respect to the payment in the amount of $30,000, Ms. Esser has requested copies and they will be forwarded shortly. With respect to restitution payments, the payments should be issued to Valley Forge Insurance Company. They should, however, be sent to our law firm at the below address. If possible, we would kindly request they reference CNA's claim number: OLA04848.

Please kindly let us know if you require anything else on this matter to ensure CNA is provided restitution.

Sincerely,

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*
aportman@nzalaw.com
www.nzalaw.com



**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be privileged and confidential. If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs. Thank you.

---

**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 11:59 AM
**To:** Ashley Portman <aportman@nzalaw.com>
**Cc:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>; Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

I have attached a copy of the charging document in this case and the plea agreement. I would suggest that you contact your client, and send me a joint email relating to restitution. You can forward my emails as well, if you wish.

Thanks.

Jackie Stern, AUSA
312-353-5329

---

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Wednesday, August 26, 2020 11:50 AM
**To:** Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>
**Cc:** Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J.

Morton & Assoc. - Our File No. 83-1382

Dear Jackie,

Yes, my client Valley Forge Insurance Company paid out $30,000. I will request a copy of the check from my client and I will forward it to you. I will also confirm where my client would like restitution payments to be directed. Can you confirm if this lawsuit relates to a loss at Steven & Morton & Associates? I just want to confirm if my client is included in a restitution order that it is related to its insured and the relevant claim.

Sincerely,

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois  60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*
aportman@nzalaw.com
www.nzalaw.com



**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE.  This message may be privileged and confidential.  If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs.  Thank you.

---

**From:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 11:46 AM
**To:** Ashley Portman <aportman@nzalaw.com>
**Cc:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>; Potter, Brent E. (CG) (FBI) <bepotter@fbi.gov>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Did CNA pay the law firm $30,000?  Is that the exact amount?  Will you please send us a copy of the payment (check or wire transfer)?

Would you please provide the name, address, phone number, email, and contact person, that should be included in a restitution order, if appropriate.

Thanks.

Jackie Stern, AUSA
312-353-5329

---

**From:** Ashley Portman <aportman@nzalaw.com>
**Sent:** Wednesday, August 26, 2020 11:41 AM
**To:** Yonan, Jason (USAILN) <JYonan@usa.doj.gov>; Jennifer Alonzo <jalonzo@nzalaw.com>
**Cc:** Stern, Jacqueline (USAILN) <JStern1@usa.doj.gov>; Ashley Portman <aportman@nzalaw.com>
**Subject:** RE: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Dear Ms. Stern,

Please kindly see the attached letter. I look forward to hearing from you. Thank you in advance for your anticipated assistance.

Sincerely,

Ashley S. Portman
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900 *main*
312.322.9977 *fax*
312.635.1812 *direct*
aportman@nzalaw.com
www.nzalaw.com



**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be privileged and confidential. If the reader of this message is not an intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately, delete the message and return any hard copy print-outs. Thank you.

---

**From:** Yonan, Jason (USAILN) <Jason.Yonan@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 11:33 AM
**To:** Jennifer Alonzo <jalonzo@nzalaw.com>; Ashley Portman <aportman@nzalaw.com>
**Cc:** Stern, Jacqueline (USAILN) <Jacqueline.Stern@usdoj.gov>
**Subject:** FW: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

I have cc'd AUSA Jackie Stern on this email. Jackie is the AUSA assigned to this case, so please direct any correspondence to her. Thank you.

Jason

---

**From:** Jennifer Alonzo <jalonzo@nzalaw.com>
**Sent:** Wednesday, August 26, 2020 11:28 AM
**To:** jason.yohan@usdoj.gov; Yonan, Jason (USAILN) <JYonan@usa.doj.gov>
**Cc:** Ashley Portman <aportman@nzalaw.com>
**Subject:** FW: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Good morning,

Please advise when you are in receipt of this email. We previously sent you emails regarding the above and it was coming back as undelivered. Please see attached correspondence from Attorney Ashley Portman. Thank you.

Sincerely,
Jennifer Alonzo
Legal Secretary

---

**From:** Jennifer Alonzo
**Sent:** Wednesday, August 26, 2020 11:07 AM
**To:** Jason.yonan@usadoj.gov
**Cc:** Ashley Portman <aportman@nzalaw.com>
**Subject:** FW: United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Please be advised that your email address came back as undelivered. Please see attached correspondence regarding the above. Please advise when you are in receipt of same. Thank you.

---

**From:** Jennifer Alonzo
**Sent:** Wednesday, August 26, 2020 11:04 AM
**To:** jason.yonan@usadoj.gov
**Cc:** Ashley Portman <aportman@nzalaw.com>; craignor@me.com; Krystle Alvarez <kalvarez@nzalaw.com>
**Subject:** United States v. Edward Schmidl - Case No. 1:20-cr-00382 / Our Insured: Steven J. Morton & Assoc. - Our File No. 83-1382

Good morning,

Please find the attached correspondence from Attorney Ashley Portman with regard to the above-referenced matter.  A hard copy will be sent to your office.

Should you have any questions or concerns, please do not hesitate to contact our office.  Thank you.

**Jennifer Alonzo**
***Legal Assistant to Bradford S. Krause***
***Joseph N. Stella, John M. Dugan,***
***Jeffrey W. Gunn and Vaughn A. Drozd***
**NIELSEN, ZEHE & ANTAS, P.C.**
**55 W. Monroe Street, Suite 1800**
**Chicago, Illinois  60603**
**312.322.9900** *main*
**312.322.9977** *fax*
jalonzo@nzalaw.com
www.nzalaw.com

**NIELSEN, ZEHE & ANTAS, P.C.**

CONFIDENTIALITY NOTICE: This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by person or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from your computer.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 20 CR 382 |
| v. | ) | |
| | ) | |
| EDWARD SCHMIDL, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

## DECLARATION

Steven J. Morton declares under oath that:

1.     I am the owner of Steven J. Morton & Associates, Ltd., the named victim in the referenced case to whom the court awarded restitution.  I submit this declaration in support of the motion for an amended restitution order and the facts set forth are based on information personally known to me.

2.     I hired Edward Schmidl in 2017 to perform bookkeeping for my firm.  In September or October 2019, I became aware of the fact that Schmidl had been stealing from my firm, I fired him, and on October 9, 2019, I reported the theft to the Chicago Police Department and later to the FBI.

3.     On September 17, 2020, I received an email from the U.S. Attorney's Office, advising my firm for the first time that "[o]n July 31, 2020, defendant Edward Schmidl pled guilty to [wire fraud]."  In that same email, the Government advised my firm of its rights under the Crime Victims' Rights Act and under the Victims' Rights and Restitution Act of 1990.  Finally, the email advised that my firm could provide a Victim Impact Statement in which, among other things, I would indicate how "the crime affected [my firm] . . . financially . . ."  The email provided no further guidance as what was a compensable restitution loss.

4.     In July 2023, I became aware of the fact that Edward Schmidl was the relator in a qui tam case filed in the Northern District of Illinois under the name *United States ex rel. Edward Schmidl v. John A.  Greager*, Case No. 21 C 526 (ND

# Exhibit B

IL).  I further became aware that Schmidl was to receive a whistleblower award, and that the Government was planning to offset Schmidl's award and apply the funds to the restitution owed my firm.

5.     Because I had questions and concerns regarding the money owed to Schmidl, I sought legal counsel, found Joseph Stewart, and retained his firm on August 15, 2023, to counsel and represent Steven J. Morton & Associates, Ltd.

6.     It was only after I retained Mr. Stewart that I first became aware of the fact that prejudgment interest was a compensable restitution loss.  Prior to the sentencing of Schmidl, the government asked me for the records of the funds that Schmidl embezzled from my firm, like cancelled checks and ledger entries, but I was not advised that I could seek prejudgment interest on the funds stolen from my firm between 2017 and 2019 nor asked to make such a calculation.

7.     In regard to my firm's losses, I completely relied on the Government's attorneys to tell me what was and was not a compensable restitution loss.

8.     I declare under penalty of perjury that the foregoing is true and correct other than when stated on information and belief.


   Signed October 11, 2023


_____
Steven J. Morton